IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>FNJCC CORP<br>d/b/a Panaderia y Pizzeria San Miguel<br><br>*Debtor* | CASE NO.   18-05552 EAG<br><br><br>Small Business Chapter 11 Case |

**FNJCC CORP d/b/a Panaderia y Pizzeria San Miguel's
AMENDED PLAN OF REORGANIZATION,
DATED APRIL 12th, 2019**

## ARTICLE I.
## SUMMARY

This Amended Plan of Reorganization under chapter 11 of the Bankruptcy Code proposes to pay creditors of FNJCC, Corp d/b/a Panaderia y Pizzeria San Miguel., the "Debtor", from future cash flow income from its post petition operations.

*This Plan of Reorganization is amended in order to address the US Trustee's objection to confirmation at docket number 58.*

*This Plan provides for priority tax claims, one(1) class of secured creditors, and one(1) class of unsecured claims; and no classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately thirty ($0.30) cents on the dollar. This Plan also provides for the payment of administrative expenses.*

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

FNJCC Corp
Case No. 18-05552 EAG
Plan of Reorganization
Page No. 2

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 2. Secured Claims as follows:

-Class 2A: Reliable Auto (Claim #1)

This claim is secured with a 2017 Dodge Ram 1500, to the extent allowed as a secured claim under § 506 of the Code

2.02 Class 3. All unsecured claims allowed under § 502 of the Code.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code, will be paid in full on the effective date of this Plan as defined in Article VII, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid the total value of the claim, equal to the allowed amount of such claim, within sixty(60) months of the filing date of the petition in monthly installments plus interest at 5% per annum from

*FNJCC Corp*
*Case No. 18-05552 EAG*
*Plan of Reorganization*
*Page No. 3*

the debtor's income commencing on the effective date which *is the eleventh business day following the date of the entry of the order of confirmation*. This treatment complies with Section 1129(a)(9)(C) of the Code. *These creditors will be paid as follows*:

-**Scheduled Claim: DACO**: $800.00; $376.46 @ $15.10 @ 60 months, from the date of the petition, including 5% interest rate.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.05 Equity Interest Holders: *Insiders will receive no distributions from the proposed plan of reorganization, but the stockholders will retain their ownership interest in the company.*

## ARTICLE IV:
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

a. **Class 2: Secured claims: *Impaired.***

Class 2A: Reliable Auto (Claim 1- $19,264.70). Debtor is current in the monthly payments. The arrears in the amount of $414.70 will be paid in 2 installments of $207.35.

b. **Class 3: General Unsecured Claims: *Impaired***

-Unsecured claims are as follows: 2 (Geovannie Vega Pizza) and Scheduled claims. *Debtor will pay 30% of the allowed unsecured claims to be paid in*

*FNJCC Corp*
*Case No. 18-05552 EAG*
*Plan of Reorganization*
*Page No. 4*

*monthly payments of $790.00 including 2% interest per annum. Total payout: $47,400.00*

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.
(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

All utility service contracts for debtor's commercial properties.

*FNJCC Corp*
*Case No. 18-05552 EAG*
*Plan of Reorganization*
*Page No. 5*

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the "effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    The debtor will continue to administer all the assets of the estate, and to fund the plan, will continue to administer its operation. It will distribute the amount of $790.00 monthly, to fund the balance due unsecured creditors for a period of sixty(60) months.

## ARTICLE VII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    <u>Effective Date of Plan.</u> The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect,

*FNJCC Corp*
*Case No. 18-05552 EAG*
*Plan of Reorganization*
*Page No. 6*

provided that the confirmation order has not been vacated. Note: Priority creditors must be paid within sixty(60) months from the petition date.

    8.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

    8.07    <u>Corporate Governance</u>. §1123(a)(6). No issuance of new stocks certificates or election of new directors will be made until all distributions proposed are completed.

## ARTICLE IX
## <u>DISCHARGE</u>

    9.01    <u>Discharge.</u> On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the

FNJCC Corp
Case No. 18-05552 EAG
Plan of Reorganization
Page No. 7

occurrence of the effective date, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (I) imposed by this Plan; (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in §1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.01   <u>Retention of Jurisdiction:</u> Notwithstanding confirmation of this Plan, the Bankruptcy Court shall retain jurisdiction for the following purposes:

A. Determination of the allowability of claims and interests upon objection to such claims by the Debtor, the Reorganized Debtor or any other party in interest.

B. Determination of requests for payment of claims entitled to priority under § 507(a)(1) of the Bankruptcy Code, including compensation of parties entitled thereto. Any objection to filed claims must be filed no later than 20 days prior to the hearing on confirmation of the plan.

10.02   <u>Default Provisions:</u>  If the debtor fails to make any payments under the plan, the IRS or any other creditor whose claims have been allowed may declare that they are in default. Failure on the part of the IRS or of any other creditor to declare them in default under this provision does not constitute a waiver by the IRS of its right to declare that the debtor is in default. The debtor also agree the if the IRS or any other creditor declares the debtor in default of the plan, the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon

FNJCC Corp
Case No. 18-05552 EAG
Plan of Reorganization
Page No. 8

written demand to the debtor. If full payment is not made within 14 days of such demand, the IRS or any other creditor may collect any unpaid liabilities through the administrative collection provisions of the IRS or any other creditor with prior authorization of the bankruptcy court.

In the event of default, this case may be dismissed or converted to a case under Chapter 7 of the bankruptcy code, all in accordance with 11 USC § 1112 (b)(1), after notice and a hearing.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 12th day of April, 2019.

/s/ Francisco Ramos Robles
Francisco Ramos Robles, President
FNJCC Corp
Debtor in Possession

/s/ Modesto Bigas Mendez
MODESTO BIGAS MENDEZ
USDC 129507
PO Box 7462
Ponce, PR 00732-7462
Tel. 787-844-1444; Fax 787-842-4090
modestobigas@yahoo.com

4/12/2019 Case:18-05552-EAG11 Doc#:68 Filed:04/12/19 Entered:04/12/19 15:00:46 Desc: Main
Document Page 9 of 9
CM/ECF - U.S. Bankruptcy Court-prb

18-05552-EAG11 FNJCC CORPORATION
Case type: bk Chapter: 11 Asset: Yes Vol: v US BANKRUPTCY JUDGE: EDWARD A GODOY
Date filed: 09/26/2018 Date of last filing: 04/06/2019

# Creditors

**DACO**
2440 BLVD LUIS A FERRER SUITE 104
PONCE PR 00717
(4636357)
(cr)

**FNJCC CORPORATION**
URB ESTANCIAS DEL GOLF CLUB
CALLE MIGUEL RIVERA 132
PONCE PR 00730
(4636355)
(cr)

**GEOVANNIE VEGA PIZA**
HC 01 BOX 11388
PENUELAS PR 00624
(4636358)
(cr)

**LCDO DAVID F CASTILLO HERRERA**
1506 PASEO FAGOT STE 3
PONCE PR 00716-2302
(4636359)
(cr)

**MODESTO BIGAS MENDEZ**
PO BOX 7462
PONCE PR 00732-7462
(4636356)
(cr)

**PANADERIA SAN MIGUEL DE LOS SANTIAGO INC**
URB LAS DELICIAS
CALLE SOLEDAD LLORENS 3402
PONCE PR 00728
(4636360)
(cr)

**RELIABLE AUTO, A DIVISION OF POPULAR AUTO LLC**
PO BOX 21382
SAN JUAN, PR 00928-1382
(4636361)
(cr)

| PACER Service Center | |
|---|---|
| Transaction Receipt | |
| 04/12/2019 14:28:05 | |
| **PACER Login:** mbigasme3731:2510751:0 | **Client Code:** |
| **Description:** Creditor List | **Search Criteria:** 18-05552-EAG11 Creditor Type: All |
| **Billable Pages:** 1 | **Cost:** 0.10 |